IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 3:08cr46/LC/CJK
 3:12cv568/LC/CJK

SUZANNE MARIE KAISER

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (doc. 330). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND AND ANALYSIS

Defendant pled guilty to one count conspiracy to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine and 1000 kilograms or more of a mixture and substance containing

a detectable amount of marijuana and one count possession with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine and 100 kilograms or more of marijuana. (Doc. 240). On January 8, 2009, defendant was sentenced to 168 months imprisonment for each count with sentences to run concurrently. (Doc. 240, p. 3). On August 20, 2009, the Eleventh Circuit affirmed defendant's conviction. (Doc. 288). On November 30, 2012, defendant filed her original motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 327). Defendant later filed an amended 2255 petition, (doc. 330). The Government responded, (doc. 334), asking the court to dismiss defendant's 2255 petition on statute of limitations grounds. Defendant submitted a reply (doc. 337).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). There was a three year and four month gap between the Eleventh Circuit's decision affirming defendant's conviction and defendant's filing of her original 2255 petition.

Defendant argues that her sentence "was unfairly enhanced pursuant to § 2D1.1(b)(1) for a firearm imputed to her that was found not to be possessed and not imputed to [co-conspirator David Schimmel[1]]." (Doc. 330, p. 3). Consequently, defendant argues, if Schimmel–the leader and manager of the drug conspiracy–never possessed the rifle (for sentencing enhancement purposes), the defendant could not be subject to co-conspirator liability for possession of that same rifle. (Doc. 330, pp. 3-4). Defendant's argument misreads the conclusions made by District Judge Rodgers at Schimmel's sentencing hearing[2] (Case No. 3:07cr58, doc. 175, pp. 1-20). At Schimmel's sentencing, Judge Rodgers did not decide whether the assault rifle at issue could be imputed to Schimmel, because another co-conspirator, Bridgewater, possessed a firearm that could already be imputed to Schimmel through co-conspirator liability:

> [Judge Rodgers]: All right. My notes do reflect that the firearm was found in the bedroom that contained evidence indicating that the bedroom was occupied by Mr. Schimmel. There was a great number of documents bearing his name and personal effects in the room, but I don't see anything in my notes to reflect that drugs or contraband and narcotics were in that room. It's just my notes don't reflect it. It may be that the transcript will reflect it, but I don't have the transcript.

---

[1] For clarification purposes, there are two separate case files stemming from the same conspiracy. The instant defendant is listed under Case No. 3:08cr46 and Schimmel is listed under Case No. 3:07cr58.

[2] Defendant admits to not having access to Schimmel's sentencing transcripts at the time the amended section 2255 petition was filed. (Doc. 331, p. 10).

>Mr. Knight: I don't know that the Court had a chance to review Mr. Lynch's testimony.
>
>[Judge Rodgers]: Lynch's testimony from this trial, from the trial?
>
>Mr. Knight: The trial.
>
>[Judge Rodgers]: I did look at my notes of Mr. Lynch's testimony and I didn't see it. It doesn't mean that it's not in the transcript. I just didn't have it in my notes.
>   Nonetheless, I do at this time find that the enhancement is appropriate based on co-conspirator possession and liability here for the firearm possession by Mr. Bridgewater and that the enhancement should apply to Mr. Schimmel based on that, given Mr. Schimmel's own testimony at trial which I did note his involvement with Mr. Bridgewater and Mr. Bridgewater's possession of that firearm and the extent and nature of this conspiracy and the amount of drugs involved and the extent and lengths in which Mr. Schimmel went to to protect the drugs in this case.
>   All right. So that two points will be applied.

(Case No. 3:07cr58, doc. 175, pp. 9-10). In short, given that Schimmel was already subject to a sentence enhancement for possession of a firearm, there was no reason to comb through the transcripts looking for evidence that would have been superfluous. The issue of whether Schimmel possessed the firearm (for sentencing enhancement purposes), and hence whether the defendant would deemed to possess the firearm through co-conspirator liability, was left undecided by Judge Rodgers.

At defendant's sentencing hearing, Senior District Judge Collier, then, was presented with the question of whether the assault rifle seized at Schimmel's residence could be used to enhance defendant's sentence. At the sentencing hearing, the government called case agent Corey Aittama to testify. (Doc. 258, p. 7). Aittama discussed at length the rifle located in Schimmel's residence. (Doc. 258, pp. 11-12, 29-31, 33-36, 42). Judge Collier found Schimmel possessed the assault rifle and the

rifle was sufficiently foreseeable to apply to the defendant.  The Eleventh Circuit affirmed Judge Collier's finding that the assault rifle was reasonable foreseeable to the defendant and that the section 2D1.1(b)(1) firearm enhancement was properly applied.  *See U.S. v. Kaiser*, 337 F. App'x 814, 816 (11th Cir. 2009).  Accordingly, defendant's argument, on a substantive level, would fail.

Moreover, on a procedural level, defendant's section 2255 petition is barred on statute of limitations grounds.  Defendant's claim was procedurally barred as of November 19, 2010.  *See Kaufmann v. U.S.*, 282 F.3d 1336, 1338 (11th Cir. 2002) (concluding that the one year statute of limitations period starts to run at the close of the ninety day period in which to file a petition for certiorari).  Defendant filed the original 2255 petition on November 30, 2012.  Defendant argues that trial counsel, appellate counsel, and the defendant, could not have been aware of the fact that the assault rifle was not attributed to Schimmel during his sentencing. (Doc. 331, pp. 6-7).

The government, after consultation with Deputy District Court Clerk Travis Green, indicates that Schimmel's sentencing transcript was available, unsealed, for review on the district court clerk's website since July 21, 2008. (Doc. 334, pp. 8-9). Review of the docket for Schimmel's case confirms this claim. (Case No. 3:07cr58, doc. 175). Defendant's sentencing hearing took place on December 31, 2008. (Doc. 258).  Defendant has not explained how she or her counsel were unable to access or view Schimmel's sentencing transcript.  Moreover, defendant has not explained why she filed her 2255 petition two years after it became procedurally barred, despite having access to Schimmel's sentencing transcript for that entire time.  If defendant seeks to assert a claim of ineffective assistance of counsel due to the failure of trial and appellate counsel to investigate Schimmel's sentencing transcript, such a claim

would still be procedurally barred. Defendant had a year and ninety days in which to hire counsel, or submit, pro se, a 2255 motion. Instead, defendant waited over two years after the deadline to file her 2255 motion.

Accordingly, defendant's 2255 motion is untimely.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

The second amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 330) be summarily DISMISSED as untimely.

At Pensacola, Florida, this 8th day of May, 2013.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).