IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.                                          Case Nos.:   3:08cr46/LAC/CJK
                                                         3:16cv570/LAC/EMT

SUZANNE MARIE KAISER

---

## REPORT AND RECOMMENDATION

This matter is before the court on Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 355).  Rule 4(b) of the Rules Governing § 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

### BACKGROUND and ANALYSIS

In September of 2008, Defendant Suzanne Marie Kaiser pled guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine and 1000 kilograms

or more of a mixture and substance containing a detectable amount of marijuana, and one count of possession with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine and 100 kilograms or more of marijuana (ECF No. 188).   In December of 2008, Defendant was sentenced to 168-months imprisonment for each count with the sentences to run concurrently (ECF Nos. 240, 241).  Defendant's conviction and sentence were affirmed on appeal (*see* ECF No. 288).[1]

In November of 2012, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence, which was later amended (ECF Nos. 327, 330, 331).  In 2013, Defendant's second amended motion was summarily dismissed as untimely (ECF Nos. 338, 339, 340).  Although this motion was not reviewed on the merits, for purposes of the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") successive-motion rules, the dismissal of an initial § 2255 motion as untimely "counts" and renders a subsequent § 2255 motion "successive."  *See* Villanueva v. United States, 346 F.3d 55, 59–61 (2d Cir. 2003) (holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); Altman v.

---

[1]  On October 14, 2015, the court reduced Defendant's sentence from 168-months imprisonment to 135-months imprisonment pursuant to 18 U.S.C. § 3582(c)(2) (*see* ECF Nos. 353, 354).
Case Nos.:  3:08cr46/LAC/CJK; 3:16cv570/LAC/EMT

Benik, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"); In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (dismissal of habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements).  The clerk received the instant § 2255 motion, Defendant's second, on October 19, 2016.  In her motion, Defendant argues that she is entitled to relief under United States Sentencing Guideline Section 3B1.2.  While Defendant does not specifically cite Amendment 794 of the Sentencing Guidelines, her claim for relief because of her minor role in the instant offense clearly relates to Amendment 794.  Regardless of the claim raised, however, the motion is successive.

Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996).  Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion.  Therefore, the instant motion to vacate must be dismissed because the court lacks

Case Nos.:  3:08cr46/LAC/CJK; 3:16cv570/LAC/EMT

jurisdiction to consider Defendant's successive § 2255 motion without proper authorization.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 355) be **SUMMARILY DISMISSED**.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this  4<u>th</u> - day of November 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 3:08cr46/LAC/CJK; 3:16cv570/LAC/EMT